IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| FREDERICK CASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 313-035 |
| | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Frederick Cason ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.    BACKGROUND**

Plaintiff protectively applied for SSI on July 15, 2009, alleging a disability onset date of February 14, 2000. Tr. ("R."), pp. 51-52, 112-14. The Social Security Administration denied Plaintiff's application initially, R. 53-56, and on reconsideration,

---

[1] For ease of reference, the Court will hereinafter refer to the Acting Commissioner as "Commissioner."

R. 59-62. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), R. 69-71, and the ALJ held a hearing on December 2, 2011. R. 31-50. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel. Id. The ALJ kept the record open following the hearing so that Plaintiff could undergo a consultative psychological assessment, which he did on January 28, 2012. R. 318-325. On May 7, 2012, the ALJ issued an unfavorable decision. R. 15-30.

Applying the sequential process required by 20 C.F.R. § 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since July 15, 2009, the application date (20 C.F.R. §§ 416.971 *et seq.*).

2. The claimant has the following severe impairment: borderline intellectual functioning (20 C.F.R. § 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: He is able to understand and carry out simple instructions and demonstrated the ability to sustain his focus and attention to complete assigned tasks. He can perform simple, repetitive tasks or janitorial work. Claimant can do unskilled work at any exertional level. The claimant has no past relevant work (20 C.F.R. § 416.965).

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 416.969 and 416.969(a)). Therefore, the claimant has not been under a disability, as defined in the Social Security Act, since July 15, 2009, the date the application was protectively filed (20 C.F.R. § 416.920(g)).

R. 18-26.

When the Appeals Council denied Plaintiff's request for review on March 22, 2013, R. 1-4, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of the adverse decision. Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ erred (1) by finding that he did not meet the criteria of Listing 12.05(C), and (2) by failing to obtain testimony from a Vocational Expert ("VE") and instead relying solely on the Medical-Vocational Guidelines ("Grids") in finding that Plaintiff is not disabled. See doc. no. 18 ("Pl.'s Br."); doc. no. 20 ("Pl.'s Reply"). The Commissioner maintains that the ALJ's decision is supported by substantial evidence and should therefore be affirmed. See doc. no. 19 ("Comm'r's Br.").

## II.   STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions:  (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (*per curiam*); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (*per curiam*). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

#### A. Procedure at Step Five of the Sequential Evaluation for a Claimant with Only Nonexertional Impairments.

At step four of the sequential evaluation process, the ALJ determined that Plaintiff had no past relevant work and had the RFC to perform work at all exertional levels, subject to nonexertional limitations. R. 23. As such, the burden shifted to the Commissioner at step five to show the existence of work that Plaintiff could perform given his age, education, previous work experience, and residual functional capacity. See Phillips v. Barnhart, 357 F.3d 1232, 1239 (11th Cir. 2004). Although the Commissioner often meets this burden by relying on the Grids alone, "[o]rdinarily, when non-exertional limitations are alleged, vocational testimony is used." Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989). Nevertheless, an ALJ may still, in certain circumstances, rely exclusively on the Grids to determine that a claimant is disabled despite a diagnosis of borderline intellectual functioning. See Jordan v. Comm'r of Social Sec. Admin., 470 F. App'x 766, 770-71 (11th Cir. 2012) (*per curiam*); but see Williams v. Colvin, No. 1:12-cv-4267, 2014 WL 476571, at *20-21 (N.D. Ga. Feb. 6, 2014).

"Exclusive reliance on the grids is not appropriate *either* when [the] claimant is unable to perform a full range of work at a given residual functional level *or* when a claimant has non-exertional impairments that significantly limit basic work skills." Phillips, 357 F.3d at 1242 (internal citations omitted) (emphasis in original). "If *either* condition exists, the ALJ [is] required to consult a vocational expert." Id. (emphasis in original). A claimant's nonexertional limitations significantly limit basic work skills when they "prohibit a claimant from performing 'a *wide* range' of work at a given work level." Id. at 1243 (emphasis in original). "The ALJ must make a specific finding as to

5

whether the nonexertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations." Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir.1995) (quotation omitted).

Social Security Regulation 85-15 provides guidance for evaluating claimants with solely nonexertional impairments. Pursuant to 85-15, "[w]here a person's only impairment is mental, is not of listing severity, but does prevent the person from meeting the mental demands of past relevant work . . . the final consideration is whether the person can be expected to perform unskilled work." SSR 85-15, 1985 WL 56857, at *4 (Jan. 1, 1985). The ruling explains

> The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting. A substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base. This, in turn, would justify a finding of disability because even favorable age, education, or work experience will not offset such a severely limited occupational base.

Id. This occupational base is represented by the Grids, as all of the jobs listed therein are unskilled. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(b).

SSR 85-15 further states that § 204.00 of the Grids, which applies to claimants limited to heavy or very heavy work, is used to evaluate a claimant who has solely nonexertional limitations. Id. at *3. Although § 204.00 addresses claimants with environmental restrictions, it does not specifically discuss the application of the rule to mental impairments such as borderline intellectual functioning or intellectual disability. See 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 204.00. Rather, § 204.00 simply states that "an impairment which does not preclude heavy work (or very heavy work) would not

6

ordinarily be the primary reason for unemployment, and generally is sufficient for a finding of not disabled." Given the lack of guidance in § 204.00 as to mental impairments, SSR 85-15 acknowledges that "[i]n many cases, a decisionmaker will need to consult a vocational resource." SSR 85-15, 1985 WL 56857, at *3.

### B. The ALJ Should Have Taken Testimony from a VE.

The ALJ acknowledged that Plaintiff's limitations compromise his ability to perform work, but stated "these limitations have little or no effect on the occupational base of unskilled work at all exertional levels." R. 25. The ALJ therefore found that Plaintiff was not disabled pursuant to § 204.00 of the Grids without taking testimony from a VE. Id. The ALJ did not explain in his finding at step five that Plaintiff's limitations did not erode his occupational base, and thus it appears he based this finding on his prior discussions of the evidence at step three and in his RFC determination. During both, he discussed the January 2012 opinion of Dr. Audrey Courtney at length, and he gave the opinion great weight. R. 23-24. Indeed, the ALJ quoted Dr. Courtney's medical source statement in his own RFC finding and adopted Dr. Courtney's opinion that Plaintiff could perform simple, repetitive tasks or janitorial work. R. 23, 322.

The ALJ did not, however, discuss Dr. Courtney's findings as to the basic mental demands of unskilled work described in SSR 85-15. Dr. Courtney opined moderate restrictions in understanding, remembering, and carrying out simple instructions, and thus stated that Plaintiff would require "specific instructions." R. 323-24. Dr. Courtney also found that Plaintiff's ability to interact appropriately with supervisors, co-workers, and

the public,[2] and to respond to changes in the work setting, were affected by his mental impairment such that he was moderately restricted in all four categories. R. 324.

In sum, Dr. Courtney found Plaintiff restricted as to all of the basic mental demands for unskilled work. The ALJ did not discuss Dr. Courtney's findings before stating in conclusory fashion that Plaintiff's impairment had "little or no effect" on his capacity to perform unskilled work. Furthermore, the ALJ noted Dr. Courtney's statement that Plaintiff's scores placed him in the mildly retarded range, but that he could not be diagnosed as such merely because of the lack of records from his childhood, all of which were destroyed by water damage. R. 21, 321; Pl.'s Br., p. 3. Because it is unclear whether the ALJ considered all of the evidence in Dr. Courtney's opinion—both favorable and unfavorable—his determination at step five is not based on substantial evidence. McCruter, 791 F.2d at 1548.

Defendant now argues that Dr. Courtney's findings do not establish substantial limitations on Plaintiff's capacity for unskilled work. Comm'r's Br., p. 13. Although SSR 85-15 states that a substantial limitation in any one of the demands of unskilled work would limit the occupational base, it does not preclude the use of VE testimony absent such a finding. See SSR 85-15, 1985 WL 56857, at *4. Where, as here, the record contains opined limitations as to *all* of the demands, in addition to a statement that the claimant is more limited than his diagnosis indicates, the ALJ should consult a VE. See id. at *3. Furthermore, the onus was on the ALJ to provide any explanation why Dr. Courtney's opined limitations did not erode the occupational base in his decision, and the Court's "limited review [of the record] precludes deciding the facts anew, making

---

[2]The ALJ noted Dr. Courtney's finding that Plaintiff "had some problems with supervisors and co-workers," but dismissed these findings without any discussion by merely stating that "they did not appear to be violent in nature." R. 22, 322.

credibility determinations, or re-weighing the evidence." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (*per curiam*) (citing Bloodsworth, 703 F.2d at 1239).

Defendant also compares the instant case to Jordan, in which the Eleventh Circuit affirmed the ALJ's reliance on the Grids in assessing a claimant with borderline intellectual functioning. Comm'r's Br., pp. 13-14 (citing Jordan, 470 F. App'x at 770-71). However, the opined limitations in Jordan were not nearly as severe as those opined by Dr. Courtney, and the claimant in that case had actually been evaluated as having low average mental status. 470 F. App'x at 768-70. Due to Dr. Courtney's findings that Plaintiff had a mental status of mild mental retardation, as well as the additional opined limitations, the instant case more closely resembles Williams, in which the Court distinguished Jordan and ruled that the ALJ should have consulted a VE. 2014 WL 476571, at *20-21 (ALJ erred in relying exclusively on Grids without addressing consultants' findings of nonexertional limitations).

Given Dr. Courtney's opined restrictions on Plaintiff's ability to meet the basic mental demands of unskilled work as defined in SSR 85-15, the ALJ was required to either (1) make a specific determination addressing this evidence before relying exclusively on the Grids, or (2) consult a VE to determine whether there were sufficient jobs Plaintiff could perform despite his limitations. See Phillips, 357 F.3d at 1244 (requiring ALJ to address evidence of restrictions suggesting limitations to claimant's basic work skills before relying on the Grids); Allen, 880 F.2d at 1202 (requiring VE testimony where ALJ credited evidence of limitations indicating the claimant was incapable of performing unlimited unskilled light work). The ALJ's cryptic, conclusory statement that Plaintiff's limitations have little effect on the occupational base provides

no indication that he properly evaluated Plaintiff's ability to do work according to SSR 85-15. Therefore, upon remand, the ALJ should elicit VE testimony as to the existence of jobs in the national economy that Plaintiff can perform given his mental impairment.[3]

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 12th day of June, 2014, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] In light of its determination that the Commissioner's decision should be remanded based on the ALJ's failure to elicit VE testimony, the Court need not reach Plaintiff's remaining contention. Of course, on remand, Plaintiff's claims must be evaluated in accordance with the five-step sequential evaluating process and in compliance with the applicable regulations and case law in all respects. Furthermore, the underlying assumptions of any hypothetical questions presented to a VE must accurately and comprehensively reflect Plaintiff's characteristics. McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987) (*per curiam*); see also Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.").