IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| FREDERICK CASON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 313-035 |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

On July 7, 2014, the Honorable Dudley H. Bowen, United States District Judge, upon motion of the Commissioner, granted a reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g) in the above-captioned social security appeal, and a judgment was entered in Plaintiff's favor. (Doc. nos. 23, 24.) Plaintiff subsequently moved for $2,621.50 in attorney's fees and $18.93 in costs under the Equal Access to Justice Act ("EAJA"). (Doc. no. 25.) The Commissioner objects and claims that (1) Plaintiff is not entitled to fees and costs because the Commissioner's position on appeal was substantially justified; and (2) the hourly rate claimed by Plaintiff's counsel is not appropriate under EAJA. (Doc. no. 26.) Plaintiff has conceded the hourly rate issue but seeks compensation for an additional two hours of time preparing his reply brief to the Commissioner's opposition brief. (Doc. no. 27.) For the reasons stated more fully below, Plaintiff's motion is **GRANTED IN PART**, and the Court awards attorney's fees in the amount of $2,956.84 and costs in the amount of $18.93. (Doc. no. 25.)

1

## I. DISCUSSION

### A. The Commissioner's Position Was Not Substantially Justified

Under EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not "substantially justified." Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002) (quoting 28 U.S.C. §§ 2412(d)(1)(A) & (d)(2)(A)) (internal citation and punctuation omitted). The government bears the burden of showing that its position was substantially justified. White v. United States, 740 F.2d 836, 839 (11th Cir. 1984). The government's position is substantially justified when it has a reasonable basis in both law and fact. Stratton v. Bowen, 827 F.2d 1447, 1449 (11th Cir. 1987), see also Pierce v. Underwood, 487 U.S. 552, 565 (1988) (affirming the 11th Circuit's formulation).

On appeal, the Commissioner argued that the ALJ properly relied on the grids without considering vocational expert testimony because of Plaintiff's global assessment of functioning score, Dr. Courtney's diagnosis of borderline intellectual functioning, and Dr. Courtney's statement that Plaintiff's psychological condition is not a major impairment in his overall functioning. (Doc. no. 19, p. 12.) The Court finds that this position did not have a reasonable basis in law and fact. Here, Plaintiff had an IQ more indicative of mild mental retardation[1] than borderline intellectual functioning. Tr. ("R."), p. 321. The only stated reason by Dr. Courtney for not diagnosing Plaintiff with mild mental retardation is the lack of such diagnosis while he was in school. R. at 321. Dr. Courtney also noted several limitations in Plaintiff's ability to carry out unskilled work,

---

[1] The Court is aware that the diagnosis under 20 C.F.R. Part 404, Subpart P, Appendix 1, 12.05 is now termed intellectual disability and that the term mental retardation is no longer favored due to its negative connotations. Change in Terminology: "Mental Retardation" to "Intellectual Disability", 78 FR 46499-0 (August 1, 2013). The Court only uses this term to be consistent with the examiner's report and diagnosis.

follow instructions, and work with coworkers and supervisors. Id. The law of this circuit is clear that when such limitations are present, sole reliance on the grids is inappropriate. See Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989). The Commissioner claims that its position was substantially justified by Jordan v. Comm'r of Social Sec. Admin., 470 F. App'x 766 (11th Cir. 2012). In Jordan, the Eleventh Circuit upheld sole reliance upon the grids where the plaintiff had a low average mental status. 470 F. App'x at 768-70. Because Petitioner's nonexertional limitations are more severe than those present in Jordan, the Commissioner's reliance upon that case is unwarranted and unreasonable.

### B. The Fee Is Payable to the Litigant

In Astrue v. Ratliff, 560 U.S. 586, 589 (2010), the Supreme Court held, based on the "plain text" of 28 U.S.C. § 2412(d), that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Based on the holding in Ratliff, courts faced with petitions for EAJA awards accompanied by requests to honor assignments to litigants' attorneys have found that the proper course is to "award the EAJA fees directly to [the litigant] as the prevailing party and remain silent regarding the direction of payment of those fees." Bostic v. Comm'r of Soc. Sec., 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011). Indeed, this approach has recently been followed in this District. See Brown v. Astrue, CV 411-152, doc. no. 24 (S.D. Ga. Mar. 4, 2013) (Hall, J.) (where plaintiff had purportedly assigned award to counsel, awarding EAJA fees to plaintiff without directing payment to counsel); Scott v. Colvin, CV 313-004, doc. no. 26 (S.D. Ga. Nov. 11, 2013) (same).

In accord with this practice, the Court awards the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States. The Court leaves it "to the discretion of the government to accept Plaintiff's assignment of [the] EAJA [award] and pay [the award] directly

3

to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." Bostic, 858 F. Supp. 2d at 1306; see also Marshall v. Astrue, 7:09-CV-33 HL, 2011 WL 2604768, at *5 (M.D. Ga. May 10, 2011) ("The Commissioner may award attorney's fees directly to Plaintiff's counsel if the fee has been assigned to the attorney and Plaintiff has no outstanding federal debt."), *adopted by* 2011 WL 2604754 (M.D. Ga. June 30, 2011); Griffin v. Astrue, 1:10CV115, 2010 WL 5211548, at *3 (W.D.N.C. Dec. 16, 2010) ("There is nothing in Ratliff to indicate that it is intended to divest the government of its discretion to enter into direct payment arrangements where there is no debt to the government or where funds remain after satisfaction of such debt.").

## II. CONCLUSION

As the Plaintiff conceded to the Commissioner's calculation of the hourly rate, the Court has used $187.02 for hours billed in 2013 and $189.77 for hours billed in 2014. In addition, the Court has included two hours by Plaintiff's counsel preparing the response to the Commissioner's opposition to EAJA fees. See Comm'r, I.N.S. v. Jean, 496 U.S. 154, 157 (1990). Therefore, Plaintiff's motion is **GRANTED IN PART**, and the Court awards attorney's fees in the amount of $2,956.84 and costs in the amount of $18.93, (doc. no. 25), but for the reasons discussed above, the Court will not direct the manner in which the EAJA award is to be paid.

SO ORDERED his 30th day of October, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA